UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOCOLATE N.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:22-cv-1026-KSC<br><br>**ORDER DIRECTING COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 11 AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 6] |

On July 14, 2022, Plaintiff Chocolate N. commenced this action against Kilolo Kijakazi, Acting Commissioner of Social Security, seeking review of the Commissioner's final adverse decision. Doc. No. 1. Plaintiff's attorney of record did not sign the Complaint. *See id*. On July 14, 2022, plaintiff moved to proceed *in forma pauperis*. Doc. Nos. 2 and 2-1. On July 22, 2022, this Court denied plaintiff's Motion to Proceed *In Forma Pauperis* because he did "not provide[] the Court with any information regarding his monthly expenditures, and the Court [was] therefore unable to assess" his ability to pay court costs and also afford the necessities of life. Doc. No. 4 at 2 (citing *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)). On August 11, 2022, plaintiff filed a second Motion to Proceed *In Forma Pauperis*. Doc. No. 6. Plaintiff attached the same supporting declaration

1

to the second Motion as had been attached to the first Motion. *Compare* Doc. No. 6-1 *with* Doc. No. 2.

All pleadings "must be signed by at least one attorney of record in the attorney's name," and the Court "***must*** strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a) (emphasis added). The mandatory language of Rule 11 obligates the Court to strike the Complaint if the failure to sign is not corrected, but "if the inappropriately signed pleadings are later adopted and signed by the proper party, a court may ignore the initial technical violation." *Cenlin Taiwan, Ltd. v. Centon, Ltd.*, No. C88-4947 DLJ, 1990 U.S. Dist. LEXIS 4558, at *6-7 (N.D. Cal. Mar. 15, 1990) (citing *Womble v. Dixon*, 585 F. Supp. 728, 731 (E.D. Va. 1983)). Because counsel for plaintiff failed to sign the Complaint as Rule 11 requires, the Court orders plaintiff to file a Complaint, signed by counsel of record, within fourteen (14) days of the issuance of this Order. *See* Doc. No. 1.

The Court must also address plaintiff's second application to proceed *in forma pauperis*. A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a). The statute does not define "what constitutes insufficient assets," but "'[o]ne need not be absolutely destitute to obtain [the] benefits of the *in forma pauperis* statute.'" *Escobedo*, 787 F.3d at 1234 (9th Cir. 2015) (citation omitted) (alteration in original). However, a plaintiff who seeks to proceed *in forma pauperis* "must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Plaintiff's second application to proceed *in forma pauperis* is substantively identical to his first Motion. He states he is unemployed, his sole income is $400.00 in monthly public assistance, and he has no assets. Doc. No. 6-1 at 2, 5. Plaintiff failed to declare, however, whether he has any dependents, obligations, or unenumerated assets, indicating only that such things were "n/a." *Id.* at 5. Plaintiff has again failed to provide the Court with any specific information regarding his monthly expenditures, or a sufficiently

2

complete statement of his ability to pay, and the Court is therefore unable to assess whether he "cannot pay the court costs and still afford the necessities of life." *See Escobedo*, 787 F.3d at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Plaintiff's application also fails to comply with Civil Local Rule 3.2, which requires an unemployed applicant to state "the date of the last employment and the amount of wages or salary per month which was received." *See* Doc. No. 6-1 at 3. Finally, Plaintiff's supporting declaration states only that some categories of information are "n/a," which is a common abbreviation for "not applicable." *See* Doc. No. 6-1. This response is not acceptable, because Local Rule 3.2 expressly requires the inclusion of the information plaintiff has elected to omit, which information is needed in order for the Court to rule on plaintiff's Motion.

An applicant for *in forma pauperis* status should ordinarily be given an opportunity to cure a defective application. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307-08 (11th Cir. 2004); *Hackett v. O'Donnell*, No. 18-000254 DKW-KSC, 2018 U.S. Dist. LEXIS 135795, at *3-4 (D. Haw. Aug. 10, 2018); *Hockless v. State Dep't of Parks & Recreation*, 1:07-cv-00601 AWI NEW (TAG), 2007 U.S. Dist. LEXIS 35582, at *2-3 (E.D. Cal. Apr. 26, 2007). Plaintiff has already received one opportunity to correct the insufficiency of his supporting declaration. Doc. No. 4. The Court will provide plaintiff a final opportunity to submit a supporting declaration that sufficiently establishes his inability to pay court fees.

Plaintiff is hereby **ORDERED TO FILE A SIGNED COMPLAINT THAT COMPLIES WITH RULE 11** within fourteen (14) days of the issuance of this Order. Plaintiff is expressly admonished that failure to file a signed Complaint may lead to the Complaint being stricken, and dismissal of the action.

Plaintiff's **Motion to Proceed In Forma Pauperis is DENIED WITHOUT PREJUDICE**. If plaintiff elects to file a Complaint that meets the requirements of Rule 11 as delineated above, plaintiff may once more move to proceed in forma pauperis. Likewise,

continued failure to file a sufficient supporting declaration may lead to the dismissal of this action.

**IT IS SO ORDERED.**

Dated:  August 18, 2022

Hon. Karen S. Crawford
United States Magistrate Judge