UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOCOLATE N.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:22-cv-1026-KSC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Doc. No. 8]** |

On July 14, 2022, plaintiff Chocolate N. commenced this action against Kilolo Kijakazi, Acting Commissioner of Social Security, seeking review of the Commissioner's final adverse decision. Doc. No. 1. Plaintiff's attorney of record did not sign the Complaint. *See id*. On July 14, 2022, plaintiff moved to proceed *in forma pauperis* ("IFP"). Doc. Nos. 2 and 2-1. On July 22, 2022, this Court denied plaintiff's Motion to Proceed *In Forma Pauperis* because he did "not provide[] the Court with any information regarding his monthly expenditures, and the Court [was] therefore unable to assess" his ability to pay court costs and also afford the necessities of life. Doc. No. 4 at 2 (citing *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)). On August 11, 2022, plaintiff filed a second IFP Motion. Doc. No. 6. Plaintiff attached the same supporting declaration to the second Motion as had been attached to the first Motion. *Compare* Doc. No. 6-1 *with* Doc.

1

No. 2. This Court denied plaintiff's amended IFP Motion without prejudice because it was substantively identical to his first Motion and was deficient for the same reasons the first IFP Motion was denied. Doc. No. 7. Plaintiff filed a third IFP Motion on September 8, 2022. *See* Doc. No. 8.

A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a). The statute does not define "what constitutes insufficient assets," but "'[o]ne need not be absolutely destitute to obtain [the] benefits of the *in forma pauperis* statute.'" *Escobedo*, 787 F.3d at 1234 (9th Cir. 2015) (citation omitted) (alteration in original). However, a plaintiff who seeks to proceed *in forma pauperis* "must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Plaintiff's third IFP Motion includes a supporting declaration. *See* Doc. No. 8-1. He declares he is unemployed and has never been employed. *Id.* at 2 His sole income is $400.00 in monthly public assistance, and he has no assets. Doc. No. 6-1 at 2-3. Plaintiff indicates he has no debts or dependents, but that his $400 monthly allowance is given to his guardian which "assists in living expenses, housing, and supplies." *Id.* at 3. This Court notes that paying the filing fee for this action would require more than a month of plaintiff's income. Thus, if required to pay a filing fee, plaintiff would have no money left over to pay for food and supplies. The Court finds this evidence establishes good cause for plaintiff to proceed IFP. Plaintiff's **Motion to Proceed In Forma Pauperis is GRANTED**.

Dated: September 8, 2022

Hon. Karen S. Crawford
United States Magistrate Judge